The facts are stated in the opinion by RUPP, P. J., of the court below, as follows:
The plaintiff, the Firemen's Pension Fund, by Simon D. Smith and Elmer W. Shover, Trustees ad Litem, instituted an action of assumpsit against the City of Harrisburg, to recover the sum of $9,351.71 allegedly due the plaintiff, together with interest thereon from January 1, 1948.
The complaint pleads, inter alia, that the Firemen's Pension Fund is an unincorporated association composed of the paid employes of the Bureau of Fire of the City of Harrisburg and established by City Ordinance No. 171, File Folio 268, enacted in accordance with law on December 23, 1947, and effective January 1, 1948; that on or about October 15, 1947, the City *Page 433 
received from the State Treasurer the sum of $18,703.43, which payment was made pursuant to Section 2 of the Act of June 28, 1895, P. L. 408, as amended by the Act of July 5, 1947, P. L. 1240, 72 PS 2262, and represented the allocation to the City of Harrisburg of the 2% tax paid upon premiums by foreign fire insurance companies doing business in the Commonwealth during the year 1945; that by its acceptance of the aforesaid sum the City agreed to pay one-half of the amount received, or $9,351.71, to the plaintiff in accordance with Section 2 of the Act of 1895, as amended, supra; and that the City has refused, and still refuses, plaintiff's demand for payment of the latter sum.
In the alternative, the complaint pleads an accounting.
The Harrisburg Firemen's Relief Association of the State of Pennsylvania (the duly recognized relief fund association of the volunteer firemen of the City of Harrisburg) was permitted to intervene as a party defendant.
The defendant and the intervening defendant filed preliminary objections to the complaint. With one exception not pertinent to this decision, these objections are identical and therefore will be considered together.
The first of these is in the nature of a demurrer and avers that the Firemen's Pension Fund is not entitled to recover because the complaint does not set forth a legally sufficient cause of action.
The remaining preliminary objections are:
The Firemen's Pension Fund lacks capacity to sue the city.
Even if the Firemen's Pension Fund had the capacity to sue the city, the instant action has not been prosecuted by the proper parties.
Is the Firemen's Pension Fund entitled to one-half of the amount which, on October 15, 1947, the City of *Page 434 
Harrisburg received from the State Treasurer under Section 2 of the Act of June 28, 1895, P. L. 408, as amended by the Act of July 5, 1947, P. L. 1240?
Section 2, as last amended, prior to 1947, by the Act of April 30, 1935, P. L. 122, provided, inter alia, that each city receiving any payment from the State Treasurer thereunder should forthwith transmit the sum received to the relief fund association of the fire department of the city.
As amended by the Act of July 5, 1947, P. L. 1240, the section reads, in part, as follows (72 PS 2262): "On and after the first day of January, one thousand nine hundred and nineteen, and annually thereafter, there shall be paid by the State Treasurer to the treasurers of the several cities . . . within the Commonwealth, the entire net amount received from the two per centum tax paid upon premiums by foreign fire insurance companies. . . . Each city . . . receiving any payment from the State Treasurer hereunder, shall forthwith paythe amount received to the relief fund association of, or thepension fund covering the employes of the fire department, or of such fire company, or fire companies, paid or volunteer, now existing, or hereafter organized, in such city . . . as is or are engaged in the service of such city . . . and duly recognized as such by the council . . . of such city. . . .Provided, That if the fire department consists of paid andvolunteer firemen and the paid firemen shall be covered by apension fund, then the two per centum tax aforesaid shall bedivided equally between the relief fund association of thevolunteer firemen and the pension fund for the paid firemen. . . ." (Emphasis supplied)
It should be noted that in amending the section the Legislature specifically brought existing pension funds within its provisions. It likewise should be noted that the Legislature did not in any manner alter the mandate *Page 435 
that any moneys received from the State Treasurer under the section should be paid forthwith.
The amendatory Act bore no effective date and thus became effective on September 1, 1947: Section 4 of the Statutory Construction Act (Act of May 28, 1937, P. L. 1019), as amended, 46 PS 504.
It follows that under the mandate of the Act that any payment of moneys received thereunder should be madeforthwith, in order to be entitled to one-half of the amount received by the City on October 15, 1947, the Firemen's Pension Fund would have had to be in existence on that date.
Was the Firemen's Pension Fund in existence on October 15, 1947?
The City Ordinance establishing the Fund is incorporated in the Complaint by reference. It indicates that the City acted pursuant to the provisions of Sections 4320-4325 of The Third Class City Law (Act of June 23, 1931, P. L. 932), as amended by the Act of June 28, 1947, P. L. 1032.
As originally enacted Section 4320 of The Third Class City Law, supra, provided, in part as follows: "Cities mayestablish, by ordinance, a firemen's pension fund, to be maintained by an equal and proportionate monthly charge against each member of the fire department, which shall not exceed annually three per centum of the pay of such member; which fundshall be under the direction of council or committed to thedirection of such officers of the city as may be designated bycouncil, and applied, under such regulations as council may, byordinance, prescribe . . ." (Emphasis supplied)
As amended by the Act of 1947, supra, the section reads in part, as follows (53 PS 12198-4320): "Except as hereinafter provided, cities shall provide annuity contracts or establish,by ordinance, a firemen's pension fund, to be maintained in part by an equal and *Page 436 
proportionate monthly charge against each member of the fire department, which shall not exceed annually three per centum of the pay of such member. . . .
"All pension funds established under the provisions of thissection shall be under the direction and control of a board ofmanagers consisting of the mayor, the director of accounts and finance, the director of the department having charge of the fire department, or in cities where the mayor is also the director of the department having charge, of the fire department, then the director of public safety, the city controller and the chief of the bureau of fire, ex-officio, and two members of the fire department to be chosen by the members of the fire department. . . . The fund shall be applied, undersuch regulations as the board of managers shall prescribe. . . ." (Emphasis supplied)
The amendment of 1947 specifically provided that it was to become effective January 1, 1948.
Thus, prior to that date the City could have established the type of pension fund provided by the permissive language of the Act of 1931. This it did not choose to do.
As of January 1, 1948, it was incumbent upon the City to provide annuity contracts for its paid firemen or to establish for them the type of pension fund provided by the amendment of June 28, 1947, P. L. 1032. By ordinance dated December 23, 1947, and effective January 1, 1948, it chose to establish the type of fund set forth in the amendment.
It follows that under both the ordinance establishing the Fund and the 1947 amendment pursuant to which the ordinance was passed, the Firemen's Pension Fund could not, and did not, come into existence until January 1, 1948. Therefore, on October 15, 1947, there was no pension fund for paid firemen to which the City could forthwith pay one-half of the amount it received *Page 437 
from the State Treasurer, and hence the plaintiff Fund is not entitled to recover.
This conclusion is in nowise affected by the fact that, upon receipt of the money, the City ignored the mandate of Section 2 of the Act of 1895, as amended, supra, to forthwith pay the entire amount to the Harrisburg Firemen's Relief Association of the State of Pennsylvania, which was then in existence and entitled to receive it.
In view of our conclusion, it would serve no useful purpose to discuss the contention of the intervening defendant that the Fund could not recover even if it had been in existence on October 15, 1947.
The complaint does not set forth a legally sufficient cause of action, and accordingly the first preliminary objection must be sustained.
We see no necessity for discussing the remaining objections, except to point out that were the Fund entitled to recover, those beneficially interested would not be without a remedy, albeit that remedy would not be assumpsit.
And now, December 20, 1948, the complaint is hereby dismissed.
Plaintiff appealed.
The judgment of the court below is affirmed on the opinion of President Judge J. PAUL RUPP. *Page 438